| 23 | 649 |
| 95 | 513 |

## PINCKARD and POOL vs. PINCKARD'S HEIRS and ADMINISTRATORS.

1. Equity will not enforce the specific execution of a parol gift of land by a father to his son, though accompanied by delivery of possession, either against the father himself, or his heirs at law and personal representatives after his death.

Error to the Chancery Court of Chambers.
Heard before the Hon. James B. Clark.

J. Falkner, for plaintiffs in error.

J. W. Gwinn and S. F. Rice, contra.

CHILTON, C. J.—This bill was filed by the plaintiffs in error to enforce the specific execution of a parol gift, alleged to have been made of a certain tract of land situate in the County of Randolph, by Peyton Pinckard to William T., one of the complainants, and by the latter sold to Pool. The said Peyton having died before perfecting the gift by any conveyance, his administrators and heirs are made parties defendants to the bill; and the widow of said Peyton having instituted proceedings for the recovery of dower in said land, these proceedings are enjoined, upon the allegations that the complainants have made valua-

ble improvements on the land, and that an assignment by metes and bounds would work irreparable injury to them; and the prayer is, that if she is entitled to dower, it may be assigned in money instead of land.

The bill charges that the father, Peyton, before his death, gave the land, with certain other personal property, to the complainant William T., and placed him in possession of the same as an advancement; that he gave him no written evidence of the gift; that he was placed in possession of the property at the time of the gift, viz., in August, 1840, and has continued to occupy and improve the same ever since, either by himself or said Pool, his vendee; that after the sale to Pool, his father promised the said Pool that he would convey the title to him; that the land was worth when given say $200, but has since been increased in value to $400; that the condition of the father's estate was such as to justify said advancement, and his previous donations to other children were about equal to that made to the said William T.; that the complainant had brought the value of the property into hotch-pot in the distribution of the estate, as far as the distribution had been made, and proposed by the bill to have the value thereof charged to him in the final distribution.

The view which we feel constrained to take of this case will, however, dispense with a more extended statement of the facts.

We consider the cases of Forward v. Armstead, 12 Ala. R. 124, and Evans v. Battle *et al.*, 19 *ib.* 398, decisive of this in principle. True, in the first named case, the judge, in discussing the principle upon which a claim for improvements may rest when the court refuses specifically to execute a contract, says: "This principle, we apprehend, can have no application to a mere donee, unless he has been induced to make the improvements under the promise of a conveyance; (whether even then it would apply, is a matter as to which we express no opinion;) for, until then, it cannot be said that a fraud is practiced on him; and it was his own folly to improve lands which he knew in point of law to belong to another," &c.

The principle, however, above discussed, has nothing to do with the question as to whether the court of equity can, in the exercise of a proper jurisdiction, grant the relief prayed for by this bill.

The alleged promise to give or to convey, is by parol, or verbal merely ; is without any consideration whatever ; and we are asked to take the case, not only out of the statute of frauds and perjuries, but to relieve against that other principle, that a court of equity will not become active in affording relief, at the suit of a volunteer, for the specific execution of an executory gratuitous promise, against the donor or those claiming under him.

We are not called upon now to decide whether this is a proper case to award pay for the improvements. The bill was not framed with that view; nor when dismissed on the merits, was there any effort to re-instate it upon the ground that the complainants could make proper allegations, showing that they, or one of them, were entitled to more than the rents and profits would amount to as compensation for improvements. We, therefore, leave that matter, as the Chancellor very properly did, to be adjusted by another suit, if the parties choose further to litigate it.

The complainants failing on the merits, and not being entitled to a decree for the land, show no ground for controverting with the widow her claim to dower. But, if they had such interest, it is clear they present no reason why the Orphans' Court might not proceed to allot it by metes and bounds. The husband died seized, and it does not appear but that the land is capable of division so as to give the widow a life estate in one third thereof, acccording to quantity and quality, as provided by the statute, without injustice to any one.

The case of Stone v. Britton, 22 Ala. 543, is very unlike this in an essential particular. In that case, a *valuable consideration* was paid for the land to the equitable owner, or to his creditor at his request, for he directed the sheriff to levy, and induced the purchaser to buy. In effect, he made the sheriff his agent to sell the land ; and having reaped the benefit of the proceeds of the sale, it would have amounted to a gross fraud to permit him to disaffirm the transaction, and avoid the sale which he had superinduced and had afterwards sanctioned. In the case at bar, there is no contract, no consideration, no false representation. The father, had he lived, would most probably have perfected the gift; but having died without doing so, the court will leave the party where it found him. The doctrine, though at one time much questioned, is now well settled, that the court will not lend its assistance to compel the completion of

an agreement or stipulation which is voluntary on the part of a father, as against the father, to grant or convey in favor of a child.—2 Spence's Eq. Jurisp. 888 to 895, and cases cited.

It is further very clear, that if the incomplete cóntract or gift could not be rendered perfect as against the donor, it cannot against his personal representatives and heirs at law; for they stand in the place of the donor.—*Per* V. C. Wigram in Mc-Fadden v. Jenkyns, 1 Hare's R. 460; *Per* Ld. Chan. Hart, Uniacke v. Giles, 2 Molloy 269; 2 Spence's Equity Jurisp. 890, note b.

Let the decree of the Chancellor be affirmed, with costs.