## CONN *vs.* PREWITT ET AL., ADM'RS.

### [EJECTMENT.]

1. *Ejectment; what will not support, against personal representative of decedent.* A plaintiff in ejectment can not recover against the personal representatives of a decedent on a parol gift of the land to him by the said decedent, though accompanied with the possession; whether the consideration of the gift was the marriage of the plaintiff with his daughter or not.

APPEAL from the Circuit Court of Clay.
Tried before Hon. CHARLES PELHAM.

The facts are sufficiently stated in the opinion.

LEWIS E. PARSONS, for appellant.
TAUL BRADFORD, *contra*.

[No briefs came into Reporter's hands.]

B. F. SAFFOLD, J.—The appellant, as plaintiff in an action of ejectment, sought to recover land of which the appellees, as administrators of Alexander Prewitt, were in possession.

His evidence was, that in 1856 he married the daughter of the intestate, who shortly afterwards put him in possession of the premises. He erected buildings and made other improvements thereon, and occupied the same until after the death of his father-in-law. After this time, he held possession by a tenant from whom the defendants, in some way unknown to him, obtained the actual possession. His father-in-law, from 1856 to his death in 1867, recognized the property as his, both by his repeated declarations and his acts, particularly in paying taxes upon it as his agent. The court, at the instance of the defendants, charged the jury to find for them.

In *Trammell v. Simmons*, (17 Ala. 411,) this court said that while one in possession of land may recover against a mere trespasser who ejects him, a vendee with no other title than his vendor's bond can not recover against the legal title. In *Pinckard v. Pinckard*, (23 Ala. 649,) and *Evans v. Battle*, (19 Ala. 398,) it was expressly decided that equity will not enforce the specific execution of a parol gift of land by a father to his son, though accompanied by delivery of possession, either against the father himself, or his heirs-at-law and personal representatives after his death.

Under the authority of the above decisions, it is impossible for the plaintiff to recover in an action at law.

The judgment is affirmed.