# Moore, Admr. v. Campbell, Ex'tr.

*Bill in Equity to enforce Parol Trust in Property devised by Will.*

| 102 | 445 |
| s113 | 588 |

| 102 | 445 |
| s113 | 587 |
| s124 | 237 |

| 102 | 445 |
| 130 | 502 |

| 102 | 445 |
| 136 | 377 |

1. *Parol trust in real property devised by will; bill to enforce it is without equity.*—Under the statutory provisions of this State, (Code, § 1845), no trusts concerning lands, not arising by implication or construction of law, can be established by parol, but must be created by instrument in writing; and a bill in equity seeking the enforcement of a parol trust in real property devised by will is without equity.

2. *Same; equitable conversion can not render valid a void agreement as to property devised.*—Where a will directs the conversion of realty into personalty, the fact that equity regards the realty as personalty for those who take under the provisions of said will, can not give validity to a parol contract which is no part of the will, but dependent for its establishment entirely upon parol proof, independent of and extraneous to the will, and which contract, so far as it seeks to create a trust in lands devised by the will, is expressly prohibited by and void under section 1845 of the Code of 1886.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. THOMAS COBBS,

[Moore, Admr. v. Campbell, Ex'tr.]

The bill in this case was filed by William R. Moore, as administrator of Ella M. Donegan, deceased, against A. Campbell, individually, and as executor of the last will and testament of Mary P. Rice.

The bill alleges that Mary P. Rice executed her last will and testament on September 27, 1884, and added a codicil thereto on October 24, 1884; that on August 19, 1885, she departed this life, and on November 4, 1885, the said will and codicil were duly admitted to probate, and letters testamentary issued to the defendant, Archibald Campbell, as the executor named therein; that said A. Campbell was named in said will as the residuary legatee and devisee, and that he accepted the same upon the distinct promise and agreement made with the testatrix, that out of the proceeds of the residuum of her property so devised and bequeathed to him, he would give to Ella M. Donegan, who was then living, and who was a warm and special friend of the deceased, $500; that this was a verbal trust, which was reposed in said A. Campbell by the said testatrix, on account of her confidence in him, and he accepted the trust with the distinct and positive promise made to her, at the time, that he would carry it out. The bill then prays for the establishment of this trust, and that a decree be rendered in favor of the complainant against the said Campbell individually, and as executor.        ✓

The defendant demurred to this bill on the following grounds: "1. It appears from said bill that the complainant's intestate is not a legatee under the last will and testament of the said Mary P. Rice, deceased. 2. It appears from said bill that no trust for the execution thereof by defendant was created in favor of complainant's intestate by the last will and testament of Mary P. Rice, deceased."

On the hearing of this demurrer, the chancellor rendered a decree sustaining it. Complainant appeals, and assigns this decree as error.

HUMES, SHEFFEY & SPEAKE, for appellant.—Under the averments of the bill, the parol agreement sought to be enforced does not fall within the provisions of section 1845 of the Code of 1886. The respondent as residuary legatee accepted the devise with this agreement, and the bill alleges that there was fraud or imposition on his

part in the original transaction. Hence there was equity
in the bill.—*Spies v. Price*, 91 Ala. 168 ; *Brison v. Brison*,
7 Amer. St. Rep. 189 ; *Raysdale v. Raysdale*, 24 Amer. St.
Rep. 256 ; *Gilpatrick v. Glidden*, 10 Amer. St. Rep. 245 ;
*Curdy v. Burton*, 12 Amer. St. Rep. 157, s. c. 79 Cal. 420 ;
*O'Hara v. Dudley*, 95 N. Y. 403, 47 Amer. Rep. 53; *Hoge
v. Hoge*, 1 Watts (Pa.) 214 ; *Barrell v. Hanrick*, 42 Ala.
60 ; *Kennedy v. Kennedy*, 2 Ala. 571 ; *Piper v. Hoard*, 1
Amer. St. Rep. 789.

The trust sought to be established and enforced is not
a resulting trust in lands, but is one concerning personal
property. The will provided for the conversion of the
realty into personalty, and the trust sought to be enforced
is a trust as to the five hundred dollars ; part of the pro-
ceeds of the residuum of the testator's property. In the
absence of a statute, personal property may be sold and
transferred, or trusts thereof created or extinguished by
parol.—*Patton v. Beecher*, 62 Ala. 591 ; *Bishop v. Bishop*,
13 Ala. 475 ; Perry on Trusts, § § 84–86 ; Hill on Trusts,
58 n ; *Maffitt v. Rynd*, 69 Pa. St. 380.

LAWRENCE COOPER, *contra*, cited Code of 1886, § § 1845,
1966, 1968, 1970 ; *Armstrong v. Armstrong*, 29 Ala. 538.

COLEMAN, J.—The object of the bill is to enforce a
parol trust or agreement in property devised and be-
queathed by last will and testament. The bill avers that
by last will and testament Mary P. Rice, after making
many devises and bequests of her property, made the de-
fendant, Archibald Campbell, her residuary legatee and
devisee, and appointed him the executor of her will.
The bill charges, that "she reposed great confidence in
said Campbell at the time she made said will and testa-
ment, and thereby made him the residuary devisee and
legatee of her estate, that he accepted the same upon the
distinct promise and agreement with her, that, out of the
proceeds of the residuum of the property so devised and
bequeathed to him, he would give the said Ella M. Don-
egan, who was then living and a warm personal friend
of the testatrix, five hundred dollars. This was a verbal
promise which was reposed in the said Campbell, * * *
and that the devise of the residuum was made to him
upon the express condition and understanding," &c. A
copy of the will is not made an exhibit to the bill, but

the averments show that the will contained "specific bequests and devises," and that the estate consisted of both real and personal property, and after payment of all debts and specific devises and bequests there was a residuum more than sufficient to satisfy complainant's claim. The court sustained a demurrer to the bill, and from this ruling the appeal was prosecuted.

So far as the bill may be considered as seeking to enforce a parol trust in real property devised by the will, it is without equity. This question was directly considered in the case of *Patton v. Beecher*, in 62 Ala. 579; was followed in many subsequent cases ; reviewed at length in *Brock v. Brock*, 90 Ala. 86, and re-affirmed, and has been followed in *Houston v. Farriss & McCurdy*, 93 Ala. 588, in *Manning v. Pippen*, 95 Ala. 537 ; *Tolleson v. Blackstock*, 95 Ala. 510. We are not only satisfied that section 1845 of the Code, which declares that ''no trust concerning lands, except such as results by implication or construction of law, or which may be transferred or extinguished by operation of law, can be created, unless by instrument in writing signed by the party creating or declaring the same, or his agent or attorney lawfully authorized thereto in writing,'' has been correctly construed, but declares a healthy principle of law for the suppression of fraud and perjury. There is no difficulty in this view of the case.

The bill avers that by the will the executor was required absolutely, and as soon as practicable, to convert all the property, real and personal, into money.

In the case of *Allen v. Watts*, 98 Ala. 384, after a full consideration of the equitable doctrine of conversion, our conclusion was, ''that the interest or estate in land which the will requires absolutely and without contingency shall be sold and converted into money, which is to be paid to certain beneficiaries, is, for the purpose of the provision, to be considered as money from the date of the testator's death.''

Can the rule declared in the case of *Allen v. Watts*, *supra*, be invoked by the complainant in the present case? It is manifest that, if the parol agreement set up in the bill, and upon which the complainant bases his claim to relief, is testamentary in character, it is void for want of compliance with the statute of wills, not being in writing and not properly attested. To be a valid agree-

ment, as distinguished from a testamentary disposition
of property, binding upon Campbell, it must have taken
effect at the time it was entered into by him.   The bill
shows that when the agreement was made, and at the
time of the death of the testatrix, she owned a large and
valuable real estate.   The agreement related to realty
equally as to personalty.   There is no averment in the
bill, if indeed such an averment would remedy the diffi-
culty, that the residuum of the estate sought to be reach-
ed under the agreement consisted of personal property,
or was the proceeds of personal property.   Construing
the pleadings most strongly against the pleader, the pre-
sumption is it consisted of neither.   Clearly, if the
agreement, when made, was void by virtue of section
1845 of the Code, *supra*, no subsequent act or occurrence
could render it valid.   The fact that the law would re-
gard realty as personalty for those who take under the
provisions of the will, which directs the conversion of
realty into personalty, can not give validity to a parol
contract which is no part of the will, but dependent en-
tirely upon parol proof independent of and extraneous
to the will, and which agreement, so far as it creates a
trust in land, by statute is expressly prohibited.—Sec-
tion 1845 of the Code ; *Patton v. Beecher*, and authorities
*supra*.

The rule of law, which regards realty as converted
into personalty, may be invoked by those who are made
beneficiaries under the will, but does not arise in favor
of those claiming under a contract which exists inde-
pendently of the will.   As to one not claiming under
any provisions of the will, realty remains realty, until
actually converted into money ; and if the agreement
was void, by reason of the fact that it related to realty,
it does not become valid, when the realty, the subject
matter of the agreement, is converted into personalty.
An enforceable right to land, or an interest in lands of
another without delivery of possession, can not be ac-
quired, except by descent or purchase ; and if the right
is claimed by purchase, it is invalid unless supported by
some writing.   We do not refer to the exception ex-
pressly provided for in section 1845 of the Code.   We
think this proposition unassailable, and a complete an-
swer to complainant's bill, and must lead to an affirm-
ance of the case.

The principle that a parol trust may be engrafted upon a devise or bequest after the probate of a will was declared in *Bishop v. Bishop*, 13 Ala. 475, and followed in *Barrell v. Hanrick*, 42 Ala. 60. We are not aware the question has arisen since in this State. The doctrine has found support in other States.—*Brison v. Brison*, 75 Cal. 525; *Ragsdale v. Ragsdale*, 68 Miss. 92; *O'Hara v. Dudley*, 95 N. Y. 403; *Gilpatrick v. Glidden*, 81 Me. 137.

We do not feel at liberty to depart from the rule, inasmuch as the statute of wills was re-enacted in the same language after the rendition of these decisions, and it is not necessary to a decision of this case; but there are so many objections to its application to wills, we feel justified in pointing out some of them, that the legislative department may make statutory provision, in the matter, if, in its wisdom, it sees proper to do so. We confine what we have to say to the statute of wills.

The statute requiring wills to be in writing and attested in the manner prescribed was intended to prevent the fraudulent setting up of pretended devises and bequests or agreements, and then sustaining such pretenses by perjury. For this purpose the statute is specific in all the formalities to be observed in the execution of a will, and our decisions require a strict compliance with these requirements. The argument to sustain the rule is, that the statute should not be used as an instrument to make fraud successful, and where the proof clearly shows a fraudulent breach of. trust, though resting in parol, to permit the statute to exclude parol proof of the trust, would sustain fraud and defeat the purpose of the statute. Does not the argument render entirely nugatory the statute? The statute of wills, section .1966 of the Code, is as follows: "No will is effectual to pass real or personal property * * *. unless the same is in writing, signed by the testator, or some person in his presence and by his direction, and attested by at least two witnesses, who must subscribe their names thereto, in the presence of the testator." The legitimate conclusion from the argument is that the writings may stand unless the parol proof shows that they do not speak the whole truth. It is further contended in support of the principle, that parol proof in such cases does not vary the will or alter the terms of the writings, but that the property descends according

to the terms of the will and vests as therein directed, and that equity may seize upon it, after it has vested as prescribed in the will, and fasten a parol trust upon it in favor of another not mentioned in the will, in order to carry out the real intent and purpose of the testator. Can any fair judicial mind hold that a bequest or devise absolutely to A. may be shown by parol proof to be to him in trust for B., and that the bequest to A. was intended for B.; that such proof neither varies nor contradicts the writings which gave it absolutely to A.? Such an argument and conclusion seem to be a bold circumvention of the statute itself, rather than a mere rule invented of necessity to defeat fraud and to sustain the statute. If parol proof is admissible to show that property disposed of by a will for the benefit of specified legatees, valid in all respects, was intended for other persons not mentioned in the will, why not also show in a case of intestacy that no will was made because of a promise or agreement by the legal heirs to the effect that they would hold in trust for other persons? There can be no difference in principle. If in case of a written will, it may be shown by parol evidence, that the legatees received the bequest upon an agreement to hold it in trust for another, why can it not be shown in cases of intestacy, by parol evidence, that no will was in fact made ; that a bequest was prevented because the legal heirs promised and agreed, that if no will was made, they would hold the property in trust? The case of *Bishop v. Bishop*, 13 Ala., *supra*, declares such to be the law. What is the consequence of the latter construction and conclusion? Simply, that notwithstanding the statute requires that all wills must be in writing, attested by two witnesses, by a rule, adopted by courts of equity, for the purpose, it is said, of carrying out the statute, and to prevent fraud, a parol will may be established, and that, too, without conforming to the rules of law necessary to make a valid will.

Moreover, such a trust, in our opinion, can take effect only as a testamentary bequest or devise. If made, it was revocable up to the time of death. It could not operate until after death. In legal effect, it is a bequest in trust. If the trust was in writing, before it could take effect, it would be necessary to probate it as a testamentary document. Being in parol, it is none the less

a bequest.    It goes into effect after the death, and only upon the probate of the will.

The rule in determining whether an instrument is a will has been declared as follows :   "If the instrument has not present effect in fixing the terms of such future enjoyment and requires the death of the alleged testator for its consummation, when the interest and enjoyment are posthumous, it is a will, if properly executed as such."—*Crocker v. Smith*, 94 Ala. 298.   "The controlling question is, whether the maker intended that an estate or interest should vest before his death."—*Trawick v. Davis*, 85 Ala. 345.   "The true inquiry is, as to the effect and operation the party making it intended it to have. A will is defined to be an instrument by which a person makes a disposition of property to take effect after his death ; and as its operation is postponed during life, it is, in its own nature, ambulatory and revocable.    It is this ambulatory and revocable character, which distinguishes it from deeds, and other similar instruments of transfer or conveyance, taking effect, if at all, at the time of execution."—*Jordan v. Jordan*, 65 Ala. 305.    Many authorities to the same effect might be cited.

But call it what you will, and argue as you may, a parol trust engrafted upon a written bequest by parol testimony, by a decree of a court, after the death of a testator, is *pro tanto* the establishment of a parol will for the testator.    Is this permissible, when the statute expressly declares that all wills must be in writing, and attested by two witnesses?   So careful is the law as to wills in this State, that a will to be valid must be in writing and subscribed by the testator as his will, in the presence of two witnesses, who must attest the same in his presence ; and yet under the rule contended for, all the safe-guards may be dispensed with, and a bequest be established which lies wholly in parol, perhaps upon the testimony of one witness, and not attested by two witnesses, called by the testator to witness the same as his will.   Instead of suppressing fraud and perjury as was intended by the statute, such a construction leaves the statute without any force of operation as to bequest in trust.

When fraud, deceit or undue influence has been exercised to procure the execution of a will, its probate may be successfully contested ; and the same rule applies, if

a part of it has been thus procured, as to such part.    If offered for probate, under our statute, its validity may be contested by bill in chancery in proper cases within five years.    How is an heir to raise the question of fraud or undue influence against one who is not mentioned in the will, and who claims under a secret parol agreement of which the heir has no knowledge, and whose claim probably will not be brought forward until after the will has been probated, or the time limited for contesting, has expired; or if the existence of the parol trust should be afterwards learned, it might be, after the property had been distributed, or paid over and beyond the reach of legal process?    We believe that courts of equity should be governed by the same rules as courts of law in the establishment or contest of wills.    If there is want of sufficient mental capacity, or if there was fraud, duress, deceit, or undue influence, causes which when proven invalidate wills, let judgment follow accordingly.    But if the will is free from infirmity and is legally probated, then it should be executed as written and probated.    We believe the argument, that a trust may be engrafted upon a will by parol evidence, and that such a trust is not a variance or contradiction or alteration of the will, and that it can be justified as a furtherance of the purpose of the testator, and prevents frauds, to be unsound; and instead of suppressing fraud and perjury, disarms the statute of all power, and renders it unavailable for the prevention of fraud, or to effect the purposes for which the statute of wills was enacted. This rule adopted by the courts of equity, by which the plain, unambiguous and mandatory provisions of the statute have been avoided, although in the name of justice and good conscience, and as claimed to prevent fraud, can be productive of evil only.    The reasoning of the court in the case of *Patton v. Beecher, supra,* and in the subsequent case of *Brock v. Brock, supra,* and others following that decision, to our minds, has never been successfully answered.

Speaking of the rule in *Patton v. Beecher,* the court uses this language :    "It is an annihilation of the statute to withdraw a case from its operation because of such violation or repudiation of an agreement or trust, which it declares shall not be made or proved by parol.    There can be no fraud if the trust does not exist, and proof of its existence by parol is that which the statute forbids."

[The Planters & Merchants Bank *et al.* v. Laucheimer & Sons *et al.*]

All of which is equally applicable to the statute of will. The conclusion reached in the cases cited accords with the statute, has worked well and given entire satisfaction to the profession. Although the direct question involved in those cases was in relation to land, the argument and reasoning of the court went much further, and applies with great force, when we consider the evils which may arise from the application of the rule to the statute of wills.

Affirmed.

