# Moore, Adm'r. *v*. Campbell, Ex'tr.

*Bill in Equity to enforce Parol Trust in Property Devised by Will.*

113  587
s124 237

1. *Parol trust in personal property devised by will; can be enforced in equity.*—A parol trust as to personalty may be engrafted upon a devise or bequest after the probate of the will; and such a trust is not obnoxious to either the statute of frauds or the statute of wills, and may be enforced in a court of equity.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellant, Wm. R. Moore, as the administrator of Ella M. Donegan, deceased, against Archibald Campbell, individually, and as the executor of the last will of Mary P. Rice, deceased. The facts of the case, with the exception of an amendment to the bill, are substantially the same as shown on the former appeal—102 Ala. 445.

After the affirmance of the decree on the former appeal, the bill of the complainant was amended so as to aver facts to show that the trust which was sought to be engrafted was in reference to personal property ; and the purpose of the amended bill is to engraft a parol trust upon a bequest of personal property after the probate of the will. The bill as amended was demurred to on the ground that no trust was created in favor of the complainant's intestate by the will of Mary P. Rice, deceased ; that the purpose of the bill, in that it seeks to

[Moore, Adm'r, v. Campbell, Ex'tr.]

engraft a parol trust upon a written bequest or legacy, is in defiance of the statute of will.

On the submission of the cause, the chancellor rendered a decree sustaining the demurrers. The complainant appeals from this decree, and assigns the same as error.

HUMES, SHEFFEY & SPEAKE, for appellants.—The bill as amended comes up to the full measure of the rule announced in the case of *Bishop v. Bishop,* 13 Ala. 475, and should be maintained for the enforcement of the trust sought to be established, and the demurrer thereto was improperly sustained.—*Barrell v. Hanrick,* 42 Ala. 60; *Brison v. Brison,* 75 Cal. 555; *Ragsdale v. Ragsdale,* 68 Miss. 92.

LAWRENCE COOPER, *contra.*

COLEMAN, J.—When this case was here on former appeal, (102 Ala. 445), we discussed at length the question of engrafting a parol trust upon a devise or bequest, after the probate of the will. In the opinion we used the following language: "The principle that a parol trust may be engrafted upon a devise or bequest after the probate of a will was declared in *Bishop v. Bishop,* 13 Ala. 475, and followed in *Barrell v. Hanrick,* 42 Ala. 60. We do not feel at liberty to depart from the rule declared in these decisions, inasmuch as the statute of wills was re-enacted in the same language, after the rendition of these decisions; and it is not necessary to a decision of the present case."

The bill, as then framed, justified the conclusion, that the trust set up pertained to realty. We held that this was prohibited by statute—section 1845 of the Code of 1886—citing many authorities. After the remandment of the cause, the bill was amended, so as to charge that the trust related only to personalty. We are constrained by our former ruling following, the cases in 13 Ala. and 42 Ala. *supra,* to hold that such a trust is not obnoxious either to the statute of frauds or the statute of wills, and may be enforced. The remedy is with the legislature.

Reversed and remanded.

BRICKELL, C. J., not sitting.