# Campbell, Exr. v. Moore, Admr.

*Bill to Engraft Oral Trust on Will.*

1. *Deposition; motion to suppress when without support.*—It cannot be seen that a motion to suppress a deposition because taken too late has any support in fact when the record fails to show when it was taken.
2. Strong proof is required to engraft an oral trust upon a will.

APPEAL from Madison Chancery Court.

Heard before Hon. W. H. SIMPSON.

This bill was brought by William R. Moore as the administrator of the estate of Ella M. Donegan against

Archibald Campbell individually, and as the executor of Mary P. Rice. The complainant died pending the suit, and it was revived in the name of Alfred Moore as the administrator *de bonis non* of Mary P. Rice. By her will Mary P. Rice made the defendant, Campbell, her residuary legatee and devisee. The bill claimed that she directed the defendant to pay out of the personal property which he would take under this provision of the will, the sum of five hundred dollars to Ella M. Donegan, and that he promised and undertook so to do.

The purpose of the bill is to compel this payment. Decree for complainant.

ROBERT E. SPRAGINS, for appellant.

HUMES, SHEFFEY & SPEAKE, *contra*.

SHARPE, J.—The last demurrer to the bill as amended is identical with that interposed before the last appeal.—(*Moore v. Campbell,* 113 Ala. 587.) Upon that appeal it was held that the demurrer was not good and that decision is adhered to.

The record fails to show when the deposition of Helen Hodgson Bailey was taken. It cannot therefore be seen that the motion to suppress it because taken too late had any support in fact.

The law of this case was settled upon the two former appeals.—*Moore v. Campbell ,supra,* and same case, 102 Ala. 445. Since the last remandment answer has been made, the evidence taken and a decree had upon the merits. The question now brought for review is mainly one of fact. This must be disposed of in view of the rule that strong proof is required to engraft an oral trust upon a will.—*Bishop v. Bishop,* 13 Ala. 486.

There is evidence on the part of the complainant tending to show that the residuum of the personal estate received by appellant under the will of Mrs. Rice is far in excess of complainant's claim and there is no denial of this fact in the record. Upon the question as to whether the appellant agreed with the testatrix to pay Mrs. Donegan five hundred dollars out of that residuum there is conflict in the evidence.

A careful examination of the evidence as a whole results in our conclusion that it supports the material allegations of the bill and that the chancellor did not err

in granting relief. The decree will be affirmed at appel
lant's cost.

Affirmed.