# Chesser v. Motes.

## Assumpsit.

(Decided February 13, 1914. 61 South. 267.)

1. *Trusts; Parol Trusts; Conveyance of Land.*—Where a husband conveys land to his wife by a deed containing no restrictions or directions and the wife sells the land, a parol agreement between husband and wife when he conveyed the land to her, that she should sell the land after his death, and divide the proceeds equally among his children by his first wife, is unenforceable as a parol trust in land, forbidden by section 3412, Code 1907; the conversion of the realty into personalty not rendering the trust enforceable.

2. *Statutes; Law Applicable; Lex Loci.*—Where the contract is governed by the laws of another state, in which the existence of the common law cannot be presumed, and the parties do not produce the law of the lex loci, the court will apply the law of the forum.

Appeal from Crenshaw Circuit Court.

Heard before Hon. A. E. Gamble.

Assumpsit by M. E. Chesser against Mary E. Motes. Judgment for defendant, and plaintiff appeals. Affirmed.

The agreed statement of facts, for the purposes of this trial, was as follows: That plaintiff is the daughter of Pressley A. Motes, now deceased, and that Mary E. Motes, the defendant, is the widow and was the second wife of said Pressley A. Motes; that prior to the 10th day of February, 1908, said Pressley A. Motes owned certain land in the state of Oklahoma, which is described in the deed made an exhibit and attached hereto, and that on that day Pressley A. Motes executed and delivered to the defendant a deed to the said land, which is attached as an exhibit; that on November 1, 1908, Mary E. Motes sold said land and received $5,200 therefor, and that at the time of the execution of said deed from Motes to his second wife Motes directed his wife, and she agreed, to sell said lands after his death and divide the same equally between Motes' five children by his first wife, one of whom was the plaintiff; and that at the time of the sale defendant did not pay Pressley Motes any of the money received for the land. The deed from Motes to his wife, the defendant in this case, was a regular warranty deed with covenants for quiet enjoyment, without any conditions of any kind attached. This being all the evidence, the court directed a verdict for the defendant.

J. A. CARNLEY, for appellant. The record presents but one question, and that is whether or not the court committed error in directing a verdict for defendant. Under the facts agreed on and under plea No. 1, plaintiff was entitled to recover as for money had and received.—*Young v. Garber,* 149 Ala. 199; *Rushton v. Davis,* 127 Ala. 288; 2 Enc. P. & P. 1016. The realty

[Chesser v. Motes.]

had been converted into money, and under the contract should have been held for the use and benefit of plaintiff.—*Taylor v. Crook*, 136 Ala. 377; *Allen v. Watts*, 98 Ala. 384; *High v. Worley*, 33 Ala. 196.

F. B. BRICKEN, and BALL & SAMFORD, for appellee. Parol trust cannot be created in land.—Code, section 3412; *Moore, Administrator v. Campbell*, 102 Ala. 445. *Moore v. Campbell*, 113 Ala. 587; *Moore v. Campbell*. 124 Ala. 236; *Tollison v. Blackstock*, 95 Ala. 510; *Houston v. Farris*, 93 Ala. 587; *Brock v. Brock*, 90 Ala. 87; *Patton v. Beecher*, 62 Ala. 579. A trust may be created in personal property by parol for the reason that section 3412 applies only to realty. The cases of *Kennedy v. Kennedy*, 2 Ala. 571, and *Bishop v. Bishop*, 13 Ala. 475, were decided prior to the adoption of section 3412 and the case of *Farrel v. Hendricks*, 42 Ala. 60, is explained in the case of *Patton v. Beecher*, 62 Ala. 579. The warranty deed placing the title in appellee ought to settle this entire question, for in this case Mrs. Chesser cannot prove a different consideration from that expressed in the deed, although she might be permitted to show that a less consideration of the same kind was paid.—*Patton v. Beecher*, 62 Ala. 588. Besides this, the plaintiff's demand is void under the statute of frauds.—*Whaley v. Whaley*, 71 Ala. 59; *Rose v. Gibson*, 71 Ala. 35.

ANDERSON, J.—The deed from Motes to his wife, this appellee, was absolute and unconditional. It did not create any trust in the land for this appellant, or require a sale by the vendee so as to work an equitable conversion of the land into personalty. The appellant, in order to recover a part of the proceeds arising from a sale of the land by Mrs. Motes, relies solely upon a

parol agreement between Motes and his wife, at the time he conveyed her the land, that she would sell the same and divide the proceeds between this appellant and other children of the grantor, Motes. A parol trust of this character is forbidden by section 3412 of the Code of 1907, and cannot be enforced.—*Tillman v. Kifer, et al.,* 166 Ala. 403, 52 South. 309; *Patton v. Beecher,* 62 Ala. 579; *McCarty v. McCarty,* 74 Ala. 552; *Moore v. Campbell,* 102 Ala. 445, 14 South. 780. It has been suggested in brief of counsel that this statute does not prevent parol trusts as to personalty, and that there was a conversion of the land into money, and which should operate from the time of the execution of the deed by Motes to his wife, and we are cited to the case of *Allen v. Watts,* 98 Ala. 384, 11 South. 646. This case cannot help this appellant, as the will there directed a sale and provided what should be done with the proceeds. Here the trust sought to be enforced is not only in parol as to what was to be done with the proceeds, but the deed from Motes to his wife does not provide for or direct a sale of the land, and such fact can only be established by parol. Moreover, the case of *Allen v. Watts, supra,* was explained in the case of *Moore v. Campbell,* 102 Ala. 445, 4 South. 780, wherein it was held that, notwithstanding the conversion under a will might take place as from the death of the testator, it would be regarded as operating solely in favor of those who are made beneficiaries under said will. As to one not claiming under the will, realty remains realty until actually converted into money; and if the agreement was void by reason of the fact that it related to realty it does not become valid when the realty, the subject-matter of the agreement, is converted into personalty. In the case at bar, when the agreement which is sought to be enforced was made, there

had been no conversion of the land into personalty, and the claim of the plaintiff was not under the deed, but is based upon an independent parol agreement between Motes and his wife as to what should be done with the proceeds of the sale of the land when subsequently made by the wife; and said agreement is nonenforceable under the terms of section 3412 of the Code of 1907.

The cases of *Taylor v. Crook*, 136 Ala. 377, 34 South. 905, 96 Am. St. Rep. 26, and *High v. Worley*, 33 Ala. 196, as to when the equitable conversion does and does not arise under a will, have no application to the present case, and which said principle was dealt with and held not applicable to a parol agreement similar to the one in the case of *Moore v. Campbell, supra*, and which discussed the case of *Allen v. Watts, supra*.

This case is argued and has thus far been considered as if the question involved was controlled by the Alabama law, and was, in fact, an Alabama transaction. The deed seems to have been made in this state, but the subject-matter of same is in Oklahoma, and the laws controlling would doubtless be the laws of the situs of the land conveyed. The laws of Oklahoma have not been introduced, and if we apply the common law the result would be the same as if the land was located in this state.—39 Cyc. 81-83. On the other hand, if Oklahoma was a part of territory wherein a government existed prior to its accession to the United States, and was such that would not authorize us to apply the common law to the question involved, we would apply our own law, in the absence of the production of the statutes of Oklahoma. It may be regarded as settled that when the subject-matter of a suit is governed by the laws of another state, in which we cannot presume the existence of the common law, and parties resort to the courts of this state for the enforcement of contracts or

rights controlled by the laws of said other state, and do not produce the law of the lex loci, we will apply our own law.—*Watford v. Alabama & Florida Co.,* 152 Ala. 178, 44 South. 567.

The trial court did not err in giving the general charge for the defendant, and the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.