**GLASS v. STATE.**

6 Div. 876.

Court of Appeals of Alabama.
Oct. 29, 1935.

James Esdale and John T. Batten, both of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and C. L. Rowe, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The proceedings involve the custody of Bessie Glass, a minor, and the petition for writ of habeas corpus was filed by Ollie Glass, the mother of said Bessie Glass, against the superintendent of the State Training School for Girls, and was directed "To the Honorable Robert J. Wheeler, Judge of the Circuit Court." The hearing of the matter upon the petition and answer was had on May 31, 1935, and the judge entered an order overruling the petition and denying the writ, and ordered that the said delinquent child be and remain in the custody of the State Training School for Girls.

It appears from the record that a full discussion was had upon the hearing, and that numerous insistences were urged by counsel for respective parties. Upon this appeal counsel for petitioner, in brief, presents sixteen "assignments of error" as termed in the brief, many of which need not be discussed, as we are of the opinion the order denying the writ and overruling the petition was the correct and proper order, under the undisputed facts and circumstances disclosed by the record.

The juvenile court of Colbert county first obtained jurisdiction of the girl in question, Bessie Glass, on October 30, 1930, and entered the following order on that date:

"Trial Docket, Juvenile Court of Colbert County, State of Alabama
"In the Matter of Bessie Glass, a child under sixteen years of age.
"Date 10/30/30 Petition Filed 10/28/30 Nature of Complaint, Delinquency

"Summons to child, father, mother, guardian J. D. Glass and Ollie Glass, and Bessie Glass; Cause set for hearing 10/30/30

"State of Alabama, Colbert County.
Juvenile Court
"Probate Court, Special Term 10/30/30
"In the Matter of Bessie Glass Age
10, Juvenile Delinquent.

"This cause coming on to be heard before the undersigned Judge of Probate acting as probation officer as provided in the Act of Legislature governing Juvenile Delinquents, and the Court having heard and considered the evidence is of the opinion that the defendant Bessie Glass, age 10, is a delinquent within the meaning of the said Act of Legislature in that she is guilty of Delinquency and is under 16 and is hereby declared to be a ward of the State, placed on probation, and left in the care of her parents, until further orders of this Court. It is therefore the order of the Court that —— be and is hereby committed to the —— which may receive —— until —— is twenty-one years of age.

"It is further ordered by the Court that the parents, J. D. Glass and Ollie Glass, place the ward Bessie Glass in school, and keep her there during the term thereof.
"N. P. Tompkins, Judge of Probate, Colbert County, Alabama."

The above proceedings appear regular in all respects, and the said Bessie Glass having been thus adjudged delinquent, etc., the law provides that she continue to be a ward of the state and in the care and control of the court during minority; that is to say, until she becomes twenty-one years of age, unless, of course, said order be changed or modified by the court as the law provides. Section 3532, Code. 1923, as amended by Acts Alabama 1931, p. 360, § 5.

■ Any order or judgment of the court in the case of any such child within its custody and guardianship is subject to modification from time to time, as the court may consider best for the welfare of such child. It follows that the juvenile court of Colbert county had the power and authority to issue its order under date of October 1, 1934, which order was as follows:

"10/1/34 Further delinquency on the part of the ward having been called to the attention of the Court by the Child Welfare Supt., and having heard the testimony relative, I, N. P. Tompkins, Judge of Juvenile Court, do hereby decree that Bessie Glass is a delinquent within the meaning of the law pertaining to such.

"It is therefore the order of the Court that Bessie Glass be committed and is hereby committed to the State Training School for Girls, Birmingham, Ala., which may receive her until she is twenty-one years of age.
"N. P. Tompkins,
"Judge of Juvenile Court."

■ It is insisted that this last and foregoing order, the basis of these proceedings, is null and void, in that the juvenile court of Colbert county had lost control and all jurisdiction of the delinquent child. This insistence is without merit, and cannot be sustained. This, for the reasons hereinabove stated. Moreover, the order and judgment of the juvenile court aforesaid being regular and legal on its face, its verity could not be impeached by parol evidence as insisted by the appellant, and the court's rulings in this connection were without error.

The action of the judge of the circuit court in overruling the petition and denying the writ being without error, such action is hereby affirmed.

Affirmed.