4 So.2d 261

**MASTERS et al. v. CHAMBERS.**

**8 Div. 84.**

Supreme Court of Alabama.

June 26, 1941.

Motion to Retax Costs Granted on Rehearing Oct. 16, 1941.

Street & Orr, of Guntersville, for appellants.

M. F. Lusk, of Guntersville, for appellee.

FOSTER, Justice.

The equitable relief on the facts alleged in the bill by appellee is to enforce a trust created by agreement between him and appellant Copeland, made on July 25, 1938.

Without reciting their prior relations it is enough to refer in detail to that contract and their later transactions, except to say that complainant had purchased from Copeland the dry-cleaning business

and equipment under a prior agreement. The July 25, 1938, contract gives possession to Copeland and turns over to him said property, and stipulates that if a buyer is found for it for $1,600, approved by both parties, that out of the price to be paid by the purchaser, $321 is to be paid complainant for what he had paid into the business. As we interpret the contract, the buyer is to be one who will pay off a claim to the seller of the machine, reserving title as security, and that whatever balance he pays is to be equally divided between complainant and Copeland until each receives $321, an amount which each claimed to have put in it. The plant is in the meantime to be operated by Copeland on his own account.

Complainant does not claim that a sale of it for $1,600 was available, but in about a month's time it was available at $1,500, but they could not agree on how the loss of $100 was to be borne, and further Copeland had obligated himself to sell it to appellant Masters. Complainant claims that an arrangement was made between Copeland and Masters whereby Copeland of his own accord delivered the property to Masters without the approval of complainant; that Masters had notice of complainant's interest, and that Copeland and he made a collusive arrangement with the seller of the machinery whereby he would pretend to close out his contract and to repossess the property, and to resell it to Masters, and thereby to destroy complainant's rights. But that in truth Masters was only a substituted purchaser in place of Copeland, obligating himself only to pay the balance due by Copeland to the seller, and paying Copeland no value otherwise.

Complainant seeks to enforce a trust on the property to the extent of his equity under the contract with Copeland, but subject to the prior rights of the seller under the sales contract.

The court granted relief in the sum of $200, (complainant has not cross-assigned error as to this amount) and allowed him a solicitor's fee of $50.

■ There is no provision in the contract for a solicitor's fee, and this is not the nature of trust in the administration of which a solicitor's fee is allowed for services of common benefit. Section 6261, Code of 1923, Title 46, section 63, Code of 1940. So that this claim should not have been allowed.

241 Ala.—40

■ The contract between complainant and Copeland creates a trust in the property for the beneficial interest of complainant. Willard v. Sturkie, 213 Ala. 609, 105 So. 800; Chesser v. Motes, 180 Ala. 563, 61 So. 267; Hall v. Hall, ante, p. 397, 2 So.2d 908.

■■ This contract is not governed by the statute of frauds (Section 6917, Code of 1923, Title 47, section 149, Code of 1940), since it relates to personal property and also since it is in writing stating facts which amount to the declaration of a trust. If Copeland disposed of this property without complainant's consent so that the contract could not be carried out as stipulated, equity will intervene to do justice between the parties according to the intent and purpose of the contract. Under such circumstances complainant's right to the beneficial interest stipulated for him comes into immediate fruition (17 Corpus Juris Secundum, Contracts, 969, § 468b; 13 Corpus Juris 648, section 722; Jones v. Walker, 13 B.Mon., Ky. 163, page 165, 56 Am.Dec. 557); and he may enforce a trust on the property in the hands of one not a bona fide purchaser. Hall v. Hall, supra.

■ We agree with the conclusion reached by the trial judge, since we concur in the finding that this transaction was not a bona fide exercise of the right of a conditional seller to recover the property to which he retained the title, and then to resell it to another as a new and distinct transaction. It is apparent from the evidence, including the recitals of the instrument, that though this was the form of the transaction, it was in substance but a transfer of the contract from Copeland as the purchaser to Masters for an assumption of the balance due on the debt, though the property was worth probably one and one-half times the debt, and with no consideration for that extra value. By it Masters merely stepped into Copeland's shoes, burdened with the equity in favor of complainant on the extra value above the amount of the secured debt. Masters knew that there was some sort of deal whereby Copeland acquired this equity back from complainant, but made no inquiry. He had been closely connected with the business after Copeland reacquired it. He cannot be protected against complainant's rights, having paid nothing for that on which such right was fastened, and was not a bona fide purchaser for it.

Objection is also made that the conditional seller is not made a party to this suit. The general rule is that superior lienholders need to be made parties if the suit affects their rights or if redemption is sought. Hester v. First National Bank, 237 Ala. 307 (13), 186 So. 717. But they are not necessary if the relief sought does not affect them, but is subordinate to their rights, and seeks no redemption. Fendley v. Smith, 217 Ala. 166, 115 So. 103.

In this case the complainant did not seek a redemption of such superior claim, did not make any attack upon it, recognized its superiority, and the decree was to like effect.

The contention is also made that complainant was not entitled to relief because he did not offer to pay to Masters the amount he has paid on the conditional sales contract since he acquired the property. But there is no such equitable requirement, unless complainant owed Masters a duty to do this as a condition to relief. Sumners v. Jordan, 220 Ala. 402(3), 125 So. 642.

But complainant is only seeking to enforce an equity for the payment of a certain sum to be made subject to the superior claim of the conditional seller, and if Masters has improved the standing of complainant by reducing the amount of the superior debt, and thereby enhancing the values on which the equity is fastened, there is no burden on complainant to refund the amount Masters thus paid as a condition to relief, since Masters does not stand as a bona fide purchaser for value and without notice.

The decree of the trial court is modified so as to eliminate the sum of $50 allowed complainant as a solicitor's fee, and as modified it is affirmed at the cost of appellee which accrued on appeal in this Court and in the trial court. The time allowed in which to pay the amount fixed on this appeal is extended so as to be sixty days from the date of the judgment of this Court, to be effected in the trial court, and the cause is remanded for that purpose.

Modified and affirmed, and remanded.

GARDNER, C. J., BOULDIN, and LIVINGSTON, JJ., concur.