**In the Matter of James Wann VAUGHAN, Debtor.**

**James Wann VAUGHAN, Appellant,**

v.

**CENTRAL BANK OF the SOUTH, J.C. Vaughan and Central Bank of the South, as trustee of an inter vivos trust created by J.C. Vaughan on August 22, 1973, Appellees.**

Bankruptcy No. 83–3700.

Adv. No. 83–0855.

Civ. A. No. 86–A–5474–NE.

United States District Court, N.D. Alabama, Northeastern Division.

Dec. 19, 1986.

William W. Tally, Tally and Tally, Scottsboro, Ala., for appellant.

Ralph W. Hornsby, Hornsby, Blankenship, Robinson & Meginniss, Huntsville, Ala., for J.C. Vaughan.

John M. Heacock, Jr., Huntsville, Ala., Morgan Weeks, Scottsboro, Ala., for Central Bank.

*MEMORANDUM OPINION*

ALLGOOD, Senior District Judge.

James Wann Vaughan appeals the order of the Bankruptcy Court granting a summary judgment in favor of the defendant J.C. Vaughan.

The defendant and plaintiff are father and son, respectively. The parties each

owned an undivided one-half interest in 1,657 acres of land. On August 15, 1973 the Circuit Court of Jackson County, Alabama, entered an order partitioning the property pursuant to a suit filed by the father. Under the partition order, the father acquired fee simple title to approximately 1,082 acres, and the son acquired a life estate in about 575 acres. J.C. Vaughan apparently sold approximately 300 acres of his land which gave rise to the plaintiff's claim of conversion.

The plaintiff claims that he and his father agreed that J.C. Vaughan would be deeded the 300 acres and permitted to sell it subject to an agreement that the proceeds would be placed in a certificate of deposit to be held jointly for the life of the parties. The father was to receive the interest during his lifetime and the son would receive the certificate upon the father's death. The 300 acres was sold and the proceeds put in a certificate of deposit. Some time later J.C. Vaughan cashed in the certificates resulting in the claim of conversion.

At the hearing on the motion for summary judgment, the judge refused to allow testimony on the oral agreement as a violation of the parol evidence rule. The plaintiff appeals that ruling, arguing that the agreement between the parties was the master plan concerning the property, made before the partition order. He does admit that there is nothing in writing concerning this "under the table" arrangement.

Parol evidence is generally inadmissible to alter, vary or contradict a written document, including judgments. *Baxley v. Jackson*, 216 Ala. 411, 113 So. 500 (1927); *Glass v. State*, 26 Ala.App. 570, 163 So. 819 (1935). The plaintiff contends that the evidence would not contradict the judgment since the agreement was made before the order was entered. Despite the creative argument of the plaintiff, the court fails to see how the oral agreement does anything but contradict the terms of the judgment. It is undisputed that the father sold property in which he had absolute fee simple title as a matter of record. If Vaughan and his father did have some agreement about the proceeds of the sale, but for some unexplained reason did not put it in writing, it amounts to nothing more than a parol trust in land, *Ammons v. Ammons*, 253 Ala. 82, 42 So.2d 276 (1949); *Willard v. Sturkie*, 213 Ala. 609, 105 So. 800 (1925); *Chesser v. Motes*, 180 Ala. 563, 61 So. 267 (1914), which is unenforceable in Alabama, ALA CODE § 35-4-255 (1975).[1]

J.C. Vaughan may have intended to make a gift of the proceeds of the sale to his son, and had a change of heart. With nothing in writing to reflect a gift and a subsequent judgment which includes nothing about the arrangement, the plaintiff's claims were correctly denied.

Judgment AFFIRMED. An appropriate order in conformity with this opinion will be entered.

---

1. § 35–4–255. Trust concerning lands required to be in writing.

No trust concerning lands, except such as results by implication or construction of law, or which may be transferred or extinguished by operation of law, can be created, unless by instrument in writing, signed by the party creating or declaring the same, or his agent or attorney lawfully authorized thereto in writing.